UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH (LAUMAN) PIPKIN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | ORIGINAL COMPLAINT |
| BENNETT MOTOR EXPRESS, LLC, | ) | |
| THEODORE GAZE, | ) | |
| AND RUEL SMITH | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Deborah (Lauman) Pipkin ("Plaintiff") files this Original Petition complaining of Bennett

Motor Express, LLC ("Defendant Bennett"), Theodore Gaze ("Defendant Gaze") and Ruel Smith

("Defendant Smith") (collectively "Defendants") and would show the Court as follows:

### I.        PARTIES

1.        Plaintiff is an individual who resides at 12502 Dover Dr., Montgomery, TX 77356,

Montgomery County, Texas.

2.        Defendant Bennett Motor Express, LLC is a Georgia limited liability company duly

qualified to do business in the State of Texas and may be served with process by serving its

registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service

Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

3.        Defendant Theodore Gaze is an individual who may be served with process at his

usual place of abode, in Harris County at 1419 E. Hilshire Park Dr., Houston, TX 77055, or

wherever he may be found.

4.      Defendant Ruel Smith is an individual who may be served with process at his usual

place of abode, in Harris County at 1538 Allston St., Houston, TX 77008, or wherever he may be

found.

## II.    JURISDICTION AND VENUE

5.      The court has jurisdiction over the lawsuit because the suit arises under the Civil

Rights Act of 1964 § 7, 42 U.S.C. § 2000e *et seq* (1964) and the Fair Labor Standards Act of 1938

of 1938 29 U.S.C. § 201 *et seq*.

6.      Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged

unlawful employment practice was committed in this district.

## III.    FACTS

7.      Plaintiff was offered employment with Defendant Bennett on June 7, 2018 as a

Business Development Manager – an outside sales position – at an initial annual salary of

$65,000.00. This position was listed as exempt from federal overtime rules. She reported to

Defendant Gaze, Defendant Bennett's Vice President of Sales and Supply Chain for the Houston

office. Defendant Smith served as Defendant Bennett's Director of the Houston Terminal.

8.      Soon after her hire, Defendant Gaze began to sexually harass Plaintiff. He

frequently called Plaintiff the nickname "Squirrel Tail" in front of co-workers. In one instance,

Defendant Gaze said, "We can send Squirrel Tail in the door to get in [with a prospective

customer]." In another instance, Defendant Gaze told Plaintiff it was "time to put your Squirrel

Tail to work and bring in the business."

9.      Perhaps the most egregious incident occurred on January 25, 2021. A customer was

coming to the terminal to assess a flatbed with staged special equipment related to a project for the

customer. Defendant Gaze told the workers in the shop, "Get Deb the power washer and she can wash the flatbed in her bikini for them."

10.     On February 2, 2021, after a morning start-up meeting, Defendant Gaze called Plaintiff on his cell phone but in front of the open area where other co-workers could hear. On this phone call, Defendant Gaze screamed and cursed at Plaintiff for not being physically present at the meeting, despite tell Plaintiff the day prior to call into the meeting if she was calling on customers. After this phone call, Plaintiff reported the January 25 incident and the phone call to Rose Mullins, Defendant Bennett's Human Resources Manager at the Georgia headquarters.

11.     Defendant Bennett allegedly conducted an investigation of Defendant Gaze's conduct toward Plaintiff, but allowed Defendant Gaze to remain in the office. On February 10, 2021, after a brief conversation about a work project, Defendant Gaze told Plaintiff, "You know I may have gotten kicked in the balls and be down right now, but you know me and I will come back up fighting." Earlier that day, Defendant Smith had provided Plaintiff new job duties and had demoted Plaintiff to report to Ted Turner ("Mr. Turner"), who had been hired less than two months earlier as Plaintiff's sales partner. Defendant Gaze and Mr. Turner are close friends.

12.     Plaintiff did not receive any performance reviews after her initial 90-day review. However, she never received any negative feedback regarding her ability to generate business for Defendant Bennett.

13.     After Plaintiff's initial complaint to Defendant Bennett's human resources, Defendant Smith assured her the goal was to eventually transition her back to this outside sale position once restrictions from the COVID-19 pandemic were eased. Plaintiff and Defendant Smith had a follow-up meeting on March 17, 2021, in which Plaintiff expressed her desire to go back out in the field for sales development as Texas was lifting some quarantine restrictions.

Defendant Smith supported the idea and even expressed the thought that Plaintiff and Mr. Turner should be out in the field seeing customers. He told Plaintiff she belonged in the field and was "good at it." Additionally, he complimented her work in the office and said her customer service and communication skills were great.

14.     Unfortunately, something changed shortly after. On March 23, 2021, Defendant Smith and Mr. Turner had a meeting regarding Plaintiff. Mr. Turner relayed Defendant Smith's critiques to Plaintiff afterward. Specifically, Mr. Turner made the following statements to Plaintiff:

   a.   She needed to address her attendance.

   b.   She needed to generate more active accounts.

   c.   She was not dispatching loads. "What do you even do all day? Just send available loads over to dispatch to secure trucks for?"

   d.   Defendant Smith was very upset because he did not hear her calling customers and is not seeing her value.

   e.   She needed to have more substance in her weekly sales/activity reports (what activity she was reporting was not enough to "keep her around." It needed to improve and was "not a good look for her.")

   f.   She was on Defendant Smith's "shit list."

15.     Mr. Turner then told Plaintiff he must need to "buff up" his weekly sales reports if they thought hers were lacking – yet one of many examples where Plaintiff was subjected to different rules than her male counterpart. He continued with telling Plaintiff he did not know how she could manage all of the negativity coming at her every day. At that time, Mr. Turner had been with Defendant Bennett approximately three months.

16.     Later in the afternoon of March 23, Defendant Gaze had a meeting with Plaintiff.

During this meeting, Defendant Gaze informed Plaintiff that all of her outside sales accounts would be transferred to Mr. Turner and she would be re-assigned to the terminal brokerage – a much less desirable position for Plaintiff.

17.     On March 25, 2021, Defendant Smith requested a meeting with Mr. Turner and Plaintiff. During this meeting, Defendant Smith was extremely aggressive. He said, "This is the last talk I will be having with you over this crap." He told Plaintiff she was acting like a victim and creating drama between his managers. He followed that by saying, "It better not happen again."

18.     Bennett human resources did not follow up with Plaintiff at any time after her initial February complaint.

19.     Rather than correct the situation, Bennett pretended to investigate the claims, and allowed Defendant Gaze to stay in his management position – all while Plaintiff was forced to endure continued threats and harassment. The environment became so hostile, Plaintiff was forced to resign from the position she enjoyed and excelled in.

20.     This environment greatly affected Plaintiff's mental and physical health. Many days Plaintiff sat at her desk crying. Her face would get red and her eyes swollen. This caused additional embarrassment and made her "feel like a basket case." She felt degraded and belittled. For the last month she was at Defendant Bennett, she would be so mentally exhausted and emotional over the environment she was in all day it caused her relationship with her children to be distant. She did not interact with them as much because she wanted to be alone. The constant closed-door meetings with Defendant Gaze and Defendant Smith exacerbated her anxiety which affected her taking anxiety medication.

21.     On one particularly bad day in July 2020, the stress of Defendant Gaze's conduct caused Plaintiff to think she was having a heart attack coming on. She told a co-worker – Zach

Turnbow – about it and he offered to drive her to the emergency room. Because of the embarrassment, she refused. However, she did drive herself to the emergency room about 4 p.m. that day. She was told she had an anxiety attack and was having stage 3 hypertension. She remained in the emergency room until approximately 11 p.m. because her blood pressure was so high.

22.      Beginning in approximately April 2020, Plaintiff worked almost exclusively in the Houston terminal office. During the time period between April 2020 and March 25, 2021, Plaintiff made few, if any, outside sales calls. Plaintiff worked 50 hours per week during this time period.

## IV.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

23.      5.      Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

## V.      COUNT 1: SEXUAL HARASSMENT UNDER TITLE VII

24.      Plaintiff is a female employee protected under Title VII.

25.      Defendant is an employer within the meaning of Title VII. Defendant Bennett employed Defendant Gaze as Vice President of Sales and Supply Chain. Plaintiff reported directly to Defendant Gaze. Further, Defendant Bennett employed Defendant Smith as Terminal Director for the Houston Terminal. Defendant Gaze reported to Defendant Smith.

26.      Defendant intentionally discriminated against plaintiff in violation of Title VII by creating a sexually hostile work environment. Defendant Gaze's conduct unreasonably interfered with Plaintiff's work performance.

27.      Defendant's intentional discrimination resulted in an adverse employment action against Plaintiff. After Plaintiff complained about the constant harassment from Defendant Gaze,

she informed she would be reassigned to much less desirable duties. Instead of accepting the demotion, Plaintiff resigned.

28.     Defendant did not exercise reasonable care to prevent and cure allegations of sexual harassment. Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

## VI.     COUNT 2: SEX DISCRIMINATION IN VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

29.     Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for sex discrimination in violation of the Texas Commission on Human Rights Act. Tex. Lab. Code § 21.051 ("TCHRA"). The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

30.     Plaintiff, while employed with Defendant Bennett, was sexually harassed verbally. Despite Plaintiff's complaints regarding such behavior Defendant Bennett took inadequate action to remedy the harassing situation.  This harassment persisted until Plaintiff was constructively discharged from her employment with Defendant on or about March 25, 2021.

## VII.    COUNT 3: HOSTILE ENVIRONMENT IN VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

31.     Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendant for hostile environment sexual harassment in violation of § 21.051 of the TCHRA. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

32.     Plaintiff, while employed with Defendant, was continually exposed to a sexually hostile work environment that included sexually graphic comments by Defendant Gaze.

## VIII.   COUNT 4: RETALIATION

33.     The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim. Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by assigning Plaintiff to a much less desirable position.

34.     Additionally, pursuant to Texas state law, Plaintiff pleads a cause of action against Defendant for retaliation in violation of § 21.055 of the TCHRA.

35.     The effect of the events described above has been to deprive Plaintiff of equal employment opportunities in retaliation for exercising her federally protected rights.

36.     The unlawful employment practices described above were intentional.

37.     The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## IX.    COUNT 5: INTENTIONAL INFLICTION OF MENTAL DISTRESS

38.     Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendant for intentional infliction of mental distress. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

39.     As a result of the actions, omissions and policies of Defendants, Plaintiff has suffered or will suffer past, present and future severe emotional distress.  Defendants, by and through Defendants Gaze and Smith, acted intentionally and recklessly; said conduct was extreme and outrageous in that it surpassed all possible bounds of decency and is utterly intolerable in a civilized community.  Further, the actions of Defendants caused the Plaintiff emotional distress

and the emotional distress suffered by Plaintiff was severe. Said outrageous conduct was done without privilege, permission or consent.

## X.    COUNT 6: FAILURE TO PAY OVERTIME DUE AND OWING TO PLAINTIFF

40.    Plaintiff pleads a cause of action against Defendant for violation of the Fair Labor Standards Act.  The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

41.    The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., applied to Plaintiff's employment with Defendants at all times relevant herein.

42.    During the time period from April 2020 until March 25, 2021, Defendant failed to pay Plaintiff the overtime wages to which she was entitled. When Plaintiff's duties shifted from outside sales to inside sales, any possible exemption under the FLSA disappeared. As a result, she was entitled to overtime pay for any hours over 40 worked during a workweek.

43.    Defendant's' violations of the Fair Labor Standards Act are willful violations.

44.    Plaintiff seeks an appropriate Order ordering Defendant to pay Plaintiff all back wages it owes her from her time of employment with Defendant Bennett, plus interest, plus an additional equal amount as liquidated damages, plus reasonable attorney's fees and costs.

## XI.    DAMAGES

45.    As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

    a.    Plaintiff was constructively discharged from employment with Defendant Bennett. Although Plaintiff has diligently sought other employment, she has been unable to find a job at comparable pay. In addition, Plaintiff has incurred expenses in seeking

other employment.

b. Plaintiff suffered loss of her pension or retirement benefits.

c. Plaintiff suffered mental anguish and emotional distress in the form of increased anxiety.

d. Plaintiff suffered physical illness in the form of hypertension.

e. Because of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against the Plaintiff, Plaintiff is entitled to exemplary damages.

## XII.   ATTORNEY FEES

46.     Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and FLSA, 29 U.S.C. §216(b).

## XIII.   PRAYER

47.     For these reasons, Plaintiff asks for judgment against Defendants for the following:

a. Back pay;

b. Unpaid overtime premium wages, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful acts, according to proof;

c. Liquidated damages in an amount equal to overtime wages unlawfully unpaid;

d. General, compensatory, and special damages according to proof;

e. Mental anguish damages;

f. Exemplary and punitive damages according to proof; and

g. Interest accrued on Plaintiff's damages, including pre- and post-judgment interest;

h. Reasonable attorney's fees and costs of suit; and

i. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MARK SMITH LAW, PLLC**

By:   */s/ J. Mark Smith*
       J. Mark Smith
       Attorney in Charge
       Texas Bar No. 24010405
       2929 Allen Parkway
       Suite 3450
       Houston, TX 77019
       mark@jmsmithlaw.com
       (713) 237-1221 Main

**ATTORNEY IN CHARGE FOR PLAINTIFF**

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**MARK SMITH LAW, PLLC**

By:   */s/ J. Mark Smith*
       J. Mark Smith

**ATTORNEY IN CHARGE FOR PLAINTIFF**